**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ALVIN LOKWAMBI,<br>Petitioner,<br>v.<br>DAVID WESLING, et al.<br>Respondents. | Civil Action No. 1:26-cv-13415-BEM |

**RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS**

Respondents submit this opposition to the captioned Petition for Writ of Habeas Corpus. Doc. No. 1. Petitioner has a bond hearing scheduled for **August 3, 2026**. There is therefore no basis to grant his petition and it should be denied.

**INTRODUCTION**

Petitioner claims that he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). He is not. Petitioner was detained under 8 U.S.C. § 1226(a) which gives ICE[1] "authority for *anyone's* arrest or release."[2]

The Supreme Court has repeatedly "recognized detention during deportation proceedings as a constitutionally valid aspect of the deportation process." *Demore v. Kim*, 538 U.S. 510, 523 (2003).

Petitioner has been detained per Section 1226(a). He is not subject to mandatory

[1] US Immigration and Customs Enforcement ("ICE").

[2] *Nielsen v. Preap*, 586 U.S. 392, 409 (2019) (emphasis in original).

detention and has bond hearing in Immigration Court on August 3, 2026. Petitioner's arrest and detention by ICE do not violate the Immigration and Nationality Act ("INA"), its implementing regulations, or the Constitution. Petitioner has also failed to exhaust his Immigration Court remedies. The Court should therefore deny this Petition. *See Quinonez Mercado as next friend of Abarca-Jovel v. Dep't of Homeland Sec.,* No. 1:25-CV-12066-JEK, 2025 WL 2430423, at *3 (D. Mass. Aug. 22, 2025) (Denying petition for failure to exhaust as petitioner was entitled to seek a bond hearing before an IJ and failed to do so).

**ARGUMENT**

ICE arrested Petitioner pursuant to 8 U.S.C. § 1226(a). Petitioner's claim, that his detention violates the law and the Constitution, is without merit and his petition should be denied. Petitioner is scheduled for a bond hearing in Immigration Court on Monday, five days from today. Therefore, Petitioner has failed to exercise, much less exhaust, his administrative remedies. For those reasons, this Petition should be denied.

A. **Petitioner's Detention is Authorized by Statute and Regulation**

Petitioner is detained pursuant to 8 U.S.C. § 1226(a). 8 U.S.C. § 1226 "generally governs the process of arresting and detaining . . . [noncitizens] pending their removal." *Jennings v. Rodriguez*, 583 U.S. 281, 288 (2018). Section 1226(a) provides that an alien "may be arrested and detained pending a decision on whether the alien is to be removed from the United States." *Id.* § 1226(a). As the Supreme Court has explained, this provision "creates authority for *anyone's* arrest or release under § 1226—and it gives the Secretary broad discretion as to both actions….". *Nielsen*, 586 U.S. at 409 (emphasis in the original).

Under Section 1226(a), ICE can detain or release an alien "provided that the alien must demonstrate to the satisfaction of the officer that such release would not pose a danger to proper

or persons, and that the alien is likely to appear for any future proceeding." 8 C.F.R. § 236.1(c)(8). If an immigration officer opts for continued detention, the alien can seek review of that decision at a bond hearing before an Immigration Judge ("IJ"). 8 C.F.R. § 236.1(d)(1). And an IJ's decision to continue detaining an alien may be appealed to the Board of Immigration Appeals ("BIA"). 8 C.F.R. § 236.1(d)(3).

There is therefore, no basis for this Court to find his detention unlawful under the INA.

**B. <u>Petitioner's Statutorily Authorized Arrest and Detention is Constitutional</u>**

The Supreme Court has held that "detention during deportation proceedings [is] a constitutionally valid aspect of the deportation process." *Demore*, 538 U.S. at 523; *Wong Wing v. U.S.* 163 U.S. 288, 235 (1896) (holding deportation proceedings "would be vain if those accused could not be held in custody pending the inquiry into their true character").

The First Circuit has held that, to ensure detention under Section 1226(a) comported with the Fifth Amendment's Due Process Clause, the government must bear the burden of proof at a bond hearing before an IJ. *Hernandez-Lara v. Lyons*, 10 F.4th 19, 39-41 (1st Cir. 2021).

Congress has established a statutory framework for Petitioner to seek release from detention while pursuing relief from removal. "When Congress speaks clearly and formulates a regime that satisfies constitutional imperatives, the courts must follow Congress's lead." *Aguilar*, 510 F.3d at 24.

"A plaintiff's failure to exhaust her administrative remedies precludes her from obtaining federal review of claims that would have properly been raised before the agency in the first instance." *Brito v. Garland*, 22 F.4th 240, 255 (1st Cir. 2021). Here, exhaustion is not futile because the IJ has the authority to decide the issue of Petitioner's continued detention or release. *See Figueroa v. McDonald*, 680 F. Supp. 3d 18, 23 (D. Mass. 2018) (Excusing petitioner's

failure to appeal bond denial to the BIA because "the agency would not have had jurisdiction to consider his due process arguments even if they had been presented.").

***In two days***, Petitioner can seek release in Immigration Court and, if necessary, appeal a bond decision to the BIA. For these reasons, Petitioner fails to establish that his detention violates the Fifth Amendment's Due Process Clause.

**CONCLUSION**

Petitioner's claim, that he is unlawfully detained, fails. Additionally, Petitioner has failed to exhaust his administrative remedies. For those reasons, and as set forth above, this petition should be denied.

LEAH B. FOLEY
United States Attorney

Dated: July 29, 2026. By: */s/ Ben Tolkoff*

BENJAMIN TOLKOFF
Assistant United States Attorney
United States Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA 02210
Tel.: 617-748-3183
Email: benjamin.tolkoff@usdoj.gov

**CERTIFICATE OF SERVICE**

I, Benjamin Tolkoff, Assistant United States Attorney, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

Dated: July 29, 2026. By: */s/ Ben Tolkoff*
BENJAMIN TOLKOFF
Assistant United States Attorney